UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES ERNEST DICKERSON,<br><br>Plaintiff,<br><br>v.<br><br>SERGEANT CARPENTER,<br><br>Defendant. | Case No. C06-5421RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**April 6, 2007** |

This 42 U.S.C. § 1983 action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4. Plaintiff has been granted *in forma pauperis* status. (Dkt. # 4). The defendant has filed a motion to dismiss in lieu of an answer (Dkt. # 12). Plaintiff has not responded.

This case involves access to court issues. Plaintiff claims a refusal to grant him free postage above the policy limits is unconstitutional and may deny him access to courts (Dkt. # 6). The policy limits are $3.90 a month without counselor approval and $7.80 a month with counselor approval. (Dkt. # 6).

REPORT AND RECOMMENDATION- 1

Defendant moves to dismiss and argues the complaint fails to state a claim, the policy of limiting the amount of free postage an inmate can have each month is constitutional, and the defendant is entitled to qualified immunity (Dkt. # 12). Defendant notes plaintiff has made a general allegation that he was not able to file briefs, but plaintiff does not cite to any specific injury and fails to show any adverse action by the court (Dkt. # 12, page 4 footnote 2).

Plaintiff's failure to respond to the motion is fatal to this case. Local Rule 7 (b)(2) states "If a party fails to file the papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."

## DISCUSSION

A court should dismiss a claim under Fed.R.Civ.P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41, 45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). However, a plaintiff must plead factual allegations with specificity; vague and conclusory allegations fail to state a claim for relief. Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988).

The Supreme Court has held that prisoners have a constitutional right of meaningful access to the courts premised on the Due Process Clause. Bounds v. Smith, 430 U.S. 817, 821 (1977). Such access requires prison authorities to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate legal assistance from persons trained in the law." Bounds, 430 U.S. at 828 (emphasis added); Storseth v. Spellman, 654 F.2d 1349, 1352 (9th Cir. 1981).

The Ninth Circuit has determined that "right of access" claims that do not allege inadequacy of the law library or inadequate assistance from persons trained in the law, must allege an "actual

REPORT AND RECOMMENDATION- 2

injury" to court access. <u>Sands v. Lewis</u>, 886 F.2d 1166, 1171 (9th Cir. 1989).  An "actual injury" consists of some specific instance in which an inmate was actually denied access to the courts.  <u>Id</u>. Only if an actual injury is alleged may plaintiff's claim survive.  <u>Id</u>.

Here, plaintiff failed to show that he was denied access to courts; plaintiff does not allege or otherwise demonstrate that he has been injured by the policy of limiting free postage (Dkt. # 6, amended complaint).  Further, the defendant moved to dismiss, and plaintiff has not responded.  Plaintiff has failed to state a claim.

Having reached this conclusion, the court does not address the constitutionality of the policy or the issue of qualified immunity.  This dismissal for failure to state a claim counts as a strike under the Prison Litigation Reform Act. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 6, 2007**, as noted in the caption.

DATED this 13 March, 2007.

                                         */S/ J. Kelley Arnold*
                                         J. Kelley Arnold
                                         United States Magistrate Judge

REPORT AND RECOMMENDATION- 3